THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID RENGO,<br><br>              Plaintiff,<br><br>   vs.<br><br>SHANDY COBANE, SEATTLE POLICE OFFICER, JOHN DIAZ, CHIEF SEATTLE POLICE DEPARTMENT, and CITY OF SEATTLE,<br><br>              Defendant. | NO.   12-cv-00298(TSZ)<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

COMES NOW defendants City of Seattle, Shandy Cobane, and Chief John Diaz, by and through their attorneys of record, Peter S. Holmes, Seattle City Attorney, Brian G. Maxey, Assistant City Attorney, Dominique' L. Jinhong, Assistant City Attorney, and hereby submits their Answer and Affirmative Defenses to Plaintiff's Complaint, and alleges as follows:

## I.   PARTIES

1.1 Defendants admit that Plaintiff, David Rengo, professes to be a resident of King County.

1.2 Defendants deny that Seattle Police Officer, Shandy Cobane, is a resident of King County, but does admit that he is a duly appointed police officer for the City of Seattle.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 1

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

1.3 (Erroneously omitted in complaint).

1.4 Defendants deny defendant John Diaz is a resident of King County, but does admit that Chief Diaz is the duly appointed Chief of the Seattle Police Department for the City of Seattle, which is a municipal corporation. Defendants do not contest jurisdiction.

1.5 Defendants admit.

## II.    VENUE

2.1 Defendants deny venue is proper pursuant to RCW 4.12.020 and 4.92.010 and submits that this matter more properly falls within the original jurisdiction of the United States District Court. *See* 28 U.S.C. §§ 1331, 1343, and 1441(b). Defendants have petitioned removal of the entire case to the United States District Court for determination of all issues pursuant to 28 U.S.C. § 1441(c).

## III.    STATEMENT OF FACTS

3.1 Defendants admit that King County Prosecutor's Office charged Plaintiff, David Rengo, with Assault in the Third Degree as alleged in original and Amended Information under King County cause number 10-1-03621-7SEA.

3.2 Defendants admit that a portion of Plaintiff Rengo's version of the facts are correct, but denies that the version as alleged in this paragraph 3.2 of his Complaint is accurate. Plaintiff omits that at 0128 hours in the morning on April 24, 2010, Gang Detectives Cobane and Huber were patrolling downtown when the observed a fight disturbance in the 100 block of Bell Street. Plaintiff Rengo's accomplice, Chad Jordan, was seen punching an unknown Asian male in the face. The Asian male fell to the ground and Jordan continued to punch him. The Asian male was not fighting back and was trying to crawl away. Plaintiff Rengo then began to hit the Asian male while he was lying on the ground. Detectives Huber

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 2

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

and Cobane were in clear Gang Unit uniforms identifying them as police officers.  Det. Huber yelled, "Seattle Police, Stop fighting!"  Det. Cobane exited the patrol car and took control of Jordan.  Plaintiff Rengo then came up behind Det. Cobane and pushed him with both hands, knocking him into a parked car, and causing him to lose his hold on Jordan.  Jordan then turned and threw three punches at Det. Cobane, connecting with the last punch to Det. Cobane's head.  Plaintiff Rengo then yelled, "It's the police, Run!"  Both Plaintiff Rengo and Jordan fled on foot but were arrested after a short foot pursuit by backing officers.  Jordan continued to threaten to "kick the asses" of the arresting officers and a handcuff key was found on a chain around Jordan's neck.  Defendants deny using excessive force, physically abusing, or "choking" Plaintiff Rengo.

3.3 Defendants deny that plaintiff complained of any abuse, harassment, or injury.  Defendants admit that plaintiff made statements to KIRO news almost seven months after his arrest, deny the factual bases of those statements, and affirmatively allege that the news report speaks for itself.

3.4 Defendants deny all of Plaintiff Rengo's factual allegations given almost seven months after his arrest in an interview with KIRO News Reporter Chris Halsne and affirmatively allege that the news report speaks for itself.

3.5 Defendants lack sufficient knowledge as to form a belief as to the truth or falsity of whether Plaintiff Rengo came forward to give a statement after seeing media coverage on Martin Monetti, or whether consistently maintained he was never asked for a statement from police.  To the extent that a response is warranted, defendants deny the same.

3.6 Defendants deny Plaintiff Rengo was "choked" and denies that Det. Cobane ever "kicked an innocent detainee" named Martin Monetti.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 3

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

3.7 Defendants lack sufficient knowledge as to form a belief as to the truth or falsity of all allegations contained in paragraph 3.7 of his Complaint and to the extent a response is warranted, defendants deny the same.

3.8 Defendants admit that Judge Dubuque dismissed Plaintiff Rengo's underlying criminal charges under King County Superior Court cause number 10-1-03621-7SEA.  Defendants lack sufficient knowledge as to form a belief as to the truth or falsity of Plaintiff's comments attributed to Judge Dubuque and the statements Plaintiff attributes to Seattle Times reporter, Jennifer Sullivan.  To the extent that responses are warranted, defendants deny the same.

3.9 The allegations in paragraph 3.9 are directed at the actions of a non-defendant.  To the extent that a response is warranted, defendants deny the allegations.

3.10 Defendants deny the allegations.

3.11  Defendants deny the allegations.

3.12  Defendants deny the allegations.

3.13  Defendants admit that Detective Cobane and Chief John Diaz acted within the course and scope of their employment.

3.14  Defendants deny the allegations.

3.15  Defendants deny the allegations.

3.16  Defendants deny the allegations.

3.17  Defendants deny the allegations.

## IV.   CLAIM FOR DAMAGES

4.1 Defendants admit that a document purporting to be a claim for damages was filed with the City and that sixty days has elapsed since that filing.

## V.   CAUSES OF ACTION

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 4

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

### A.  FIRST CAUSE OF ACTION- VIOLATION OF 42 U.S.C. § 1983

5.1 Defendants deny the allegations.

5.2 Defendants deny the allegations.

5.3 Defendants deny the allegations.

5.4 Defendants deny the allegations.

5.5 Defendants deny the allegations.

5.6 Defendants deny the allegations.

### B.  SECOND CAUSE OF ACTION- NEGLIGENCE

6.1 Defendants deny the allegations.

6.2 Defendants deny the allegations.

6.3 Defendants deny the allegations.

6.4 Defendants deny the allegations.

6.5 Defendants deny the allegations.

6.6 Defendants deny the allegations.

6.7 Defendants deny the allegations.

6.8 Defendants deny the allegations.

### C.  THIRD CAUSE OF ACTION- OUTRAGE

7.1 Defendants deny the allegations.

### D.  FOURTH CAUSE OF ACTION- FALSE ARREST / FALSE IMPRISONMENT / MALICIOUS PROSECUTION

8.1 Defendants deny the allegations.

### E.  FIFTH CAUSE OF ACTION- VIOLATION OF WASHINGTON STATE CONSTITUTION

9.1 Defendants deny the allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 5

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

## VI.  DAMAGES

10.1 Defendants deny the allegations.

## VII.   ATTORNEY'S FEES

11.1 Defendants deny the allegations.

## VIII.  PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief set forth in his Prayer for Relief and submit he is entitled to none.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The City, a municipal corporation, is immune from liability for prejudgment interest on tort judgments and is immune from punitive damages.

3. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of Washington or any political subdivision thereof.

4. At all times relevant to the acts alleged in the complaint, the duties and functions of Defendant City's officials entailed the reasonable exercise of proper and lawful discretion.

5. Plaintiff's State law claims are barred in whole, or in part, by governmental immunity for discretionary, policy-making and/or judgmental functions and decisions.

6. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of third parties and was not the proximate result of any act of the defendants.

7. There was probable cause for plaintiff's detention, arrest and prosecution.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 6

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

8.  Any force used against plaintiff was reasonable.

9.  Defendants Cobane and Diaz are entitled to qualified immunity.

## JURY TRIAL DEMAND

Defendants respectfully demand a trial by jury of all issues so triable.

WHEREFORE, defendant respectfully requests that the Complaint be dismissed with prejudice, that it be awarded costs and reasonable attorneys' fees herein, and that it be granted such other and further relief as the Court finds just and equitable.

DATED this 29th day of February, 2012.

        PETER S. HOLMES
        Seattle City Attorney

By:   *s/Brian G. Maxey*
      *s/Dominique' L. Jinhong*
      Brian G. Maxey, WSBA #33279
      Dominique' L. Jinhong, WSBA #28293
      Seattle City Attorney
      600 4th Avenue, 4th floor
      P.O. Box 94769
      Seattle, WA 98124-4769
      Phone – Brian Maxey: 206-733-9001
      Phone – Dominique' Jinhong: 206-684-8251
      Fax:  206-684-8284
      Email: brian.maxey@seattle.gov
            dominique.jinhong@seattle.gov

Attorneys for Defendants

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 7

**PETER S. HOLMES**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200