UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID RENGO,

                Plaintiff,

    v.

SHANDY COBANE, et al.,

               Defendants.

C12-298 TSZ

ORDER

THIS MATTER comes before the Court on defendants' motion for summary judgment, docket no. 36.  Having reviewed all papers and videos filed in support of and in opposition to defendants' motion, the Court enters the following order.

**Background**

On April 24, 2010, plaintiff David Rengo was involved in a brawl outside a dance club in the Belltown area of Seattle.  According to defendant Seattle Police Officer Shandy Cobane, while Officer Cobane was attempting to stop the fight, he was pushed by plaintiff and punched by plaintiff's companion, Chad Jordan.  Jordan fled the scene and Officer Cobane gave chase.  Meanwhile, plaintiff was taken into custody by other Seattle Police Officers and placed into the back of a patrol vehicle operated on that day by Officer Aaron Dalan.  Officer Dalan transported plaintiff from the scene of his arrest to the West Precinct.

ORDER - 1

1  Both Jordan and plaintiff were subsequently charged, as co-defendants, by the
2 King County Prosecuting Attorney with Assault in the Third Degree, pursuant to
3 RCW 9A.36.031(1)(g), which defines, as a felony, assault of a law enforcement officer.
4 Jordan eventually pleaded guilty to an amended charge, but the case against plaintiff was
5 dismissed for inadequate investigation pursuant to Washington Criminal Rule 8.3(b),
6 which permits a court to "dismiss any criminal prosecution due to arbitrary action or
7 governmental misconduct."

8  While the criminal charge against him was still pending, plaintiff made statements
9 to the media accusing Officer Cobane of choking him during the course of his arrest. *See*
10 Compl. at ¶ 3.4 (docket no. 2-1); Ex. B to Response (docket no. 54-3).[1]  Having now

---

[1] Defendants move to strike certain materials submitted along with plaintiff's response to the motion for summary judgment, including Exhibit B to the Response, titled "Seattle Cop In Stomping Incident Accused of Abusing Another Suspect," which appears to be printed from the KIRO television channel website.  Defendants' motion to strike, docket no. 61, is GRANTED in part and DENIED in part.  The Court has considered Exhibit B to the Response, not for the truth of the matter asserted, but for the dates and sequence of plaintiff's allegations against Officer Cobane.  The other materials attached to the Response, which defendants seek to strike as lacking the requisite authentication, are generally either (i) duplicative of documents submitted by defendants in support of their motion for summary judgment, or (ii) matters of public record, including transcripts of proceedings before the King County Superior Court, documents filed in other court cases, an excerpt from the 2008 Washington Adult Sentencing Guidelines Manual, and a Report on the Investigation of the Seattle Police Department performed by the United States Department of Justice Civil Rights Division and the Office of the United States Attorney for the Western District of Washington.  The Court assumes that plaintiff's counsel could obtain the certifications necessary to offer these various public records as evidence, *see* Fed. R. Evid. 902(4), and the Court has therefore given them their due weight.  In contrast, Exhibit 14 to the Declaration of Peter T. Connick, docket no. 55-15, which is printed from the KING television channel website and describes the resolution of a lawsuit by a different individual against Officer Cobane, is STRICKEN as inadmissible hearsay and propensity evidence.  Fed. R. Evid. 404(a) & 802.  Finally, with regard to Exhibit 3 to the Declaration of Jill Sullivan, docket no. 58-3, which consists of a screenshot of a portion of the Seattle Police Department ("SPD") website, an "In-Car Video Review" by the SPD Office of Professional Accountability, and a report on SPD's In-Car Video Program by the Office of the Seattle City Auditor, the Court rejects defendants' contention that such materials are hearsay, *see* Fed. R. Evid. 801(d)(2), and has considered the information in such exhibit to the extent relevant to the issues presented in the pending motion for summary judgment.

ORDER - 2

reviewed a video recording of his arrest, plaintiff concedes that Officer Cobane was not involved in any choking incident, and he asserts that a different officer engaged in the alleged use of excessive force. Rengo Decl. at ¶ 6 (docket no. 56). This other officer, having the assigned number 6275, did not alert the Computer Aided Dispatch system of his participation in plaintiff's arrest, did not write a statement about the incident, and was not listed in any of the related reports. <u>See</u> Berger Decl. at ¶ 5 & Ex. A (docket no. 62).

Plaintiff having steadfastly asserted his claim of choking against Officer Cobane, defendants were not on notice that another officer might have been involved, and the Court rejects plaintiff's contention that defendants and/or their attorneys "deliberately and intentionally concealed" the video of plaintiff's arrest that was recorded by the equipment in the patrol vehicle operated by such other officer. To date, plaintiff has not pleaded any claim against this other officer, who is of a different race and build than Officer Cobane, having not identified such officer in the Complaint either by name or as "John Doe" or similar designation.

**Discussion**

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In this case, plaintiff has asserted five claims against Officer Cobane and defendant City of Seattle[2]: (i) violation of 42 U.S.C. § 1983; (ii) negligence in investigating plaintiff's allegations of police brutality and in promulgating procedures for investigations of police

---

[2] Former SPD Chief John Diaz was originally named as a defendant, but the claims against him were dismissed by stipulation of the parties. <u>See</u> Order (docket no. 12).

ORDER - 3

misconduct; (iii) outrage; (iv) false arrest, false imprisonment, malicious prosecution; and (v) violation of the Washington State Constitution.  As to the last claim, plaintiff concedes that Washington courts do not recognize a cause of action for violation of the Washington State Constitution, <u>see</u> Response at 23 (docket no. 54); <u>see also</u> <u>Blinka v. Wash. State Bar Ass'n</u>, 109 Wn. App. 575, 591, 36 P.3d 1094 (2001), and defendants' motion for summary judgment as to plaintiff's fifth cause of action is GRANTED.

      **1.**      <u>**Excessive Force and Outrage**</u>

In connection with his § 1983 claim, plaintiff has not explicitly indicated what constitutional right he alleges was violated.  Because plaintiff's factual statements focus on an alleged choking and plaintiff's subsequent arrest, the Court treats plaintiff's complaint as pleading both an excessive force claim and an unlawful seizure claim.  The latter will be addressed in connection with plaintiff's false arrest, false imprisonment, and malicious prosecution claim.

With regard to plaintiff's excessive force claim, and the related state law claim of outrage, because plaintiff concedes that Officer Cobane was not involved in any choking incident, defendants' motion for summary judgment as to plaintiff's first and third causes of action is GRANTED in part and DENIED in part without prejudice as follows. Plaintiff's excessive force and outrage claims against Officer Cobane are DISMISSED with prejudice.  As to City of Seattle, the Court cannot address the merits of plaintiff's excessive force and outrage claims, in a manner consistent with the doctrines developed under <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), absent a properly pleaded claim against the officer actually involved in the incident.  The motion for summary

ORDER - 4

judgment as to plaintiff's excessive force and outrage claims against City of Seattle is therefore DENIED without prejudice. Plaintiff may file an amended complaint within thirty-five (35) days of the date of this Order. If plaintiff fails to timely file an amended complaint, the Court will dismiss these claims against City of Seattle with prejudice. On the other hand, if plaintiff timely files an amended complaint, City of Seattle may renew its motion for summary judgment at an appropriate time.

### 2. Negligence

Plaintiff has no cognizable claim for negligence. Plaintiff may not base a claim of negligence on an intentional act, like the use of excessive force or a deliberate effort to "white-wash" or "cover up" police misconduct. Nix v. Bauer, 2007 WL 686506 at *4 (W.D. Wash. Mar. 1, 2007); see Tegman v. Accident & Med. Investigations, Inc., 150 Wn.2d 102, 75 P.3d 497 (2003) ("fault" within the meaning of RCW Chapter 4.22, which encompasses liability for negligence, does not include intentional acts or omissions). Instead, to maintain an action for negligence, plaintiff must first demonstrate that defendants owed him a duty of care. Honcoop v. Wash., 111 Wn.2d 182, 188, 759 P.2d 1188 (1988).

In Washington, the public duty doctrine defines the four instances under which a governmental entity may be found to owe a statutory or common law duty to a particular member of the public, namely (i) legislative intent, (ii) failure to enforce, (iii) the rescue doctrine, or (iv) a special relationship. See Cummins v. Lewis County, 156 Wn.2d 844, 853 & n.7, 133 P.3d 458 (2006). If one of these four "exceptions" does not apply, then no liability may be imposed for a public officer's negligent conduct, based on the

ORDER - 5

reasoning that a duty was not owed specifically to the individual plaintiff, as opposed to the public in general. <u>Id.</u> at 852.  Plaintiff does not assert the first three "exceptions."  He has not cited any applicable regulatory statute evidencing "a clear legislative intent to identify and protect a particular and circumscribed class of persons," <u>Honcoop</u>, 111 Wn.2d at 188; he has not identified any statute that defendants were responsible for enforcing and failed to enforce despite actual knowledge of a violation thereof, <u>see id.</u> at 190 (citing <u>Bailey v. Town of Forks</u>, 108 Wn.2d 262, 268, 737 P.2d 1257 (1987)); and he has not alleged that defendants assumed a duty to warn or come to plaintiff's aid, <u>Bailey</u>, 108 Wn.2d at 268.

Plaintiff instead relies on the "special relationship" exception, referencing <u>Beal v. City of Seattle</u>, 134 Wn.2d 769, 954 P.2d 237 (1998), <u>Torres v. City of Anacortes</u>, 97 Wn. App. 64, 981 P.2d 891 (1999), and <u>Noakes v. City of Seattle</u>, 77 Wn. App. 694, 895 P.2d 842 (1995), all of which are distinguishable.  To establish a special relationship creating an actionable duty on the part of a governmental entity, a plaintiff must show:  (i) the plaintiff had direct contact or privity with a public official, thereby setting the plaintiff apart from the general public; (ii) the public official gave "express assurances" to the plaintiff; and (iii) the plaintiff justifiably relied on such express assurances to his or her detriment.  <u>See Cummins</u>, 156 Wn.2d at 854.  In both <u>Beal</u> and <u>Noakes</u>, a 911 dispatcher told the caller that "we'll get the police over there," 134 Wn.2d at 785, or "we'll get somebody down there just as soon as we can," 77 Wn. App. at 696.  In <u>Torres</u>, a detective indicated to the plaintiff that he would refer her assault and rape report for a charging decision, but then failed to forward the case to the prosecutor.  97 Wn. App. at

77. In all three cases, the courts held that whether the statements at issue constituted express assurances on which the plaintiff could have justifiably relied involved issues of material fact precluding summary judgment.

In contrast, in *Cummins*, summary judgment was affirmed in a case involving a 911 call during which the caller provided an address and the nature of his medical emergency (heart attack), but then hung up before the dispatcher could obtain additional information or provide any oral response. 156 Wn.2d at 848. Because the dispatcher had shortly before then fielded a "prank" call from the same pay telephone, and because the dispatcher's attempts to dial the pay telephone, as well as the number associated with the address the caller had provided, were unsuccessful, the dispatcher did not immediately send medical aid, but rather directed a police officer to the location to investigate. The 911 caller, who was the plaintiff's husband, died, and the Washington Supreme Court held that the plaintiff failed to establish a special relationship pursuant to which she could assert a negligence claim against Lewis County.

Likewise, in this case, plaintiff has not satisfied the elements of the "special relationship" exception to the public duty doctrine. Plaintiff's assertion of a special relationship is based solely on a letter dated October 7, 2010, from Sergeant Steve Hirjak, Investigation Section, SPD Office of Professional Accountability ("OPA"), which makes no promises concerning the future conduct of SPD OPA investigators. Rather, the letter indicates that Sgt. Hirjak's investigation "has been completed" and informs plaintiff about the review process, pursuant to which Sgt. Hirjak's report would be evaluated by his Lieutenant, the Captain of the Investigation Section, and the OPA Director, as well as

ORDER - 7

by an independent civilian auditor and the commander of the officer at issue.  Ex. S to Response (docket no. 54-20).

The letter further tells plaintiff that he "will be notified in writing of the outcome of [his] complaint."  *Id.*  Plaintiff makes no allegation that the review process was not completed in the manner described or that he was not advised in writing of the result.  Sgt. Hirjak's letter concludes:

> *As you can see*, every effort is made to ensure a thorough and impartial examination of the facts and information contained in your complaint. Consequently, this is a very lengthy process and we appreciate your patience.

*Id.* (emphasis added).  In asserting that this statement constitutes an express assurance, namely that "'every effort' . . . will be made," Response at 21 (docket no. 54), plaintiff has simply misquoted it.  The prefatory phrase ("[a]s you can see") makes clear that Sgt. Hirjak merely believed plaintiff would draw the stated conclusion from the information provided about the review process.  Nowhere in the letter does Sgt. Hirjak make an actionable promise, and the letter does not even discuss the promulgation of "rules, policies, procedures and standards" concerning "misconduct, brutality, harassment and abuse," which is one of plaintiff's negligence allegations.  Compl. at ¶ 6.5, Ex. 1 to Verification (docket no. 2-1).  Plaintiff presents no basis for concluding that the Seattle Police Department or any of its officers owed him a duty specifically and apart from the duty owed to the public in general.

Moreover, a claim for negligent investigation is not cognizable under common law in Washington.  *Fondren v. Klickitat County*, 79 Wn. App. 850, 862, 905 P.2d 928

ORDER - 8

1  (1995).  Washington courts have refused to create a common law cause of action for
2  negligent investigation because such claims "would impair vigorous prosecution and
3  having a chilling effect upon law enforcement."  Dever v. Fowler, 63 Wn. App. 35, 45,
4  816 P.2d 1237 (1991).  In an attempt to support his negligent investigation theory,
5  plaintiff cites Roberson v. Perez, 123 Wn. App. 320, 96 P.3d 420 (2004), for the
6  proposition that such claim "survived" in that case.  Response at 20 (docket no. 54).
7  Plaintiff, however, has ignored the companion case, Roberson v. Perez, 119 Wn. App.
8  928, 83 P.3d 1026 (2004), in which Division III held that the only two plaintiffs as to
9  whom the jury returned a favorable verdict did not have a cause of action for negligent
10 investigation because they were not in the class of persons described in RCW 26.44,
11 relating to investigations concerning child abuse or neglect conducted by the Department
12 of Social and Health Services ("DSHS").
13      As made clear in Ducote v. DSHS, 167 Wn.2d 697, 222 P.3d 785 (2009), although
14 a cause of action is implied from RCW 26.44.050, which requires DSHS to investigate
15 allegations of child abuse, such statutory claims are available only to a parent, guardian,
16 or custodian of the child involved; stepparents are not within the class of persons who
17 may sue for negligent investigation pursuant to the statute, and claims of negligent
18 investigation "do not exist under common law in Washington."  Id. at 702, 706-07.
19 Plaintiff's reliance on Roberson and/or RCW 26.44, which is specific to child abuse
20 investigations and does not apply to investigations of police misconduct, is misplaced.
21      To the extent plaintiff's negligence claim involves the investigation into his own
22 criminal activity, rather than the investigation concerning his complaint about the use of
23

ORDER - 9

excessive force, plaintiff's claim is also not actionable. See <u>Keates v. City of Vancouver</u>, 73 Wn. App. 257, 869 P.2d 88 (1994). In <u>Keates</u>, Division II held that the plaintiff failed to state a claim for negligence in connection with police interrogations of him concerning his wife's murder, for which a neighbor was eventually tried and convicted. The <u>Keates</u> Court observed that, "[a]s a general rule, law enforcement activities are not reachable in negligence." <u>Id.</u> at 267. Police officers owe no duty to use reasonable care to avoid inadvertent infliction of emotional distress on the subjects of criminal investigation. <u>Id.</u> at 269. If a plaintiff seeks redress for emotional distress caused by being accused of a crime, the plaintiff must prove the elements of malicious prosecution. <u>Id.</u> at 267. The malice and lack of probable cause elements of a claim for malicious prosecution "were developed to strike the appropriate balance between the public's right to have a criminal apprehended and the suspect's right to be free from injury." <u>Id.</u> at 268. In this case, plaintiff has asserted a separate claim for malicious prosecution, and he may not use a cause of action for negligence to circumvent the stricter requirements of a malicious prosecution claim.

    **3.**    **<u>Unlawful Seizure, False Arrest, False Imprisonment, and Malicious Prosecution</u>**

With respect to plaintiff's unlawful seizure claim under § 1983 and his fourth cause of action for false arrest, false imprisonment, and/or malicious prosecution, defendants' motion for summary judgment is DENIED. To prevail on a claim of unlawful seizure, a plaintiff must show that (i) a defendant seized the plaintiff; (ii) the defendant acted intentionally; and (iii) the seizure was unreasonable. See 9th Cir. Model

ORDER - 10

Instr. 9.18; see also Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001).  A seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff committed or was committing a crime. 9th Cir. Model Instr. 9.20; see also Dubner, 266 F.3d at 964.

False arrest and false imprisonment are distinguished by the status of the tortfeasor and the manner in which the restraint of the plaintiff occurred.  Bender v. City of Seattle, 99 Wn.2d 582, 590, 664 P.2d 492 (1983).  False arrest is committed when a person who has actual or purported legal authority to conduct an arrest unlawfully restrains another. Id.  A false imprisonment, however, may transpire "entirely apart from any purported process of law enforcement, as by private individuals acting on their own initiative for their own private purposes without any pretense of legal authority." Id.

Malicious prosecution requires proof of the following elements:  (i) a defendant instituted or continued the prosecution alleged to be malicious; (ii) no probable cause existed for the institution or continuation of the prosecution; (iii) the defendant acted with malice; (iv) the proceedings terminated on the merits in favor of the plaintiff; and (v) the plaintiff suffered injury or damage as a result of the prosecution.  Id. at 593.  Unlike false arrest and false imprisonment, malicious prosecution does not necessarily involve an interference with personal liberty.  Id. at 591.  Moreover, an otherwise lawful arrest does not become unlawful even if prompted by malicious motives.  Id.

In moving for summary judgment on these various claims, defendants assert that, as a matter of law, probable cause existed for plaintiff's arrest, and that probable cause operates as a complete defense.  See McBride v. Walla Walla County, 95 Wn. App. 33,

ORDER - 11

1  38, 975 P.2d 1029 (1999); see also Hanson v. City of Snohomish, 121 Wn.2d 552, 558,
2  852 P.2d 295 (1993).  Probable cause is evaluated with respect to "the totality of
3  circumstances" known to the arresting officer.  E.g., United States v. Smith, 790 F.2d 789,
4  792 (9th Cir. 1986); State v. Barron, 170 Wn. App. 742, 750, 285 P.3d 231 (2012).  The
5  Court's inquiry is whether "a prudent person" in the same situation would have
6  concluded that "a fair probability" existed that the person arrested had committed a
7  crime.  Smith, 790 F.2d at 792; McBride, 95 Wn. App. at 38 (probable cause exists when
8  "an officer has reasonable grounds to believe a suspect has committed or is committing a
9  crime").

10      In this case, the parties dispute whether plaintiff pushed or otherwise assaulted
11 Officer Cobane and whether plaintiff assaulted a third person during the course of the
12 brawl at issue.  Plaintiff denies that he put his hands on Officer Cobane or punched
13 anyone during the incident.  Rengo Dep. at 42-44, Ex. A to Morehead Decl. (docket
14 no. 37-1).  Plaintiff's sworn deposition testimony raises a genuine issue of material fact
15 that cannot be resolved before trial.

16      Defendants nevertheless assert that, because plaintiff admitted in his deposition
17 that he was "flailing his arms around" and "defending" himself, the Court can resolve the
18 factual dispute in defendants' favor and conclude that officers had probable cause to
19 believe plaintiff was committing a crime.  Defendants contend that the arresting officers
20 could have reasonably, even if mistakenly, believed plaintiff's arm "flailing" provided
21 probable cause to believe plaintiff was committing an assault, and that officers could
22 have reasonably discounted plaintiff's assertions of self-defense.  In making these
23

arguments, defendants rely on qualified immunity concepts that have been developed in connection with claims under § 1983, but have not been applied by Washington courts to state law claims. Instead, with respect to the state law claims, what the officers could have reasonably believed during the encounter with plaintiff on April 24, 2010, must await trial.

To the extent Officer Cobane seeks qualified immunity with respect to plaintiff's unlawful seizure claim under § 1983, the Court denies this request. The constitutional right to be free from warrantless arrest without probable cause was "clearly established" at the time of plaintiff's seizure, and whether such constitutional right was violated because no probable cause existed involves genuine issues of material fact. *See* *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (describing the two-step qualified immunity inquiry); *Dubner*, 266 F.3d at 964-65 (citing *Larson v. Neimi*, 9 F.3d 1397 (9th Cir. 1993) (holding that Fourth Amendment standards apply to claims of unconstitutional seizures of the person)).

Finally, to the extent defendants rely on the independent judgment doctrine as a basis to limit or bar plaintiff's malicious prosecution claim, the Court likewise concludes that summary judgment is inappropriate. Defendants have cited to *Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981), *overruled in part on other grounds by* *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008), for the proposition that the filing of a charge or "criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Id.* at 266.

ORDER - 13

As recognized in <u>Smiddy</u>, however, the presumption of independent judgment can be rebutted in a variety of ways, including proof of malice on the part of the officers. <u>Id.</u> at 267. The record reflects that Officer Cobane made a profane finger gesture toward plaintiff during an interaction occurring after plaintiff's arrest. Whether this and/or other evidence establishes malice is a question for the trier-of-fact, and thus, whether Officer Cobane is liable for any damages incurred after plaintiff was charged by the King County Prosecuting Attorney with Assault in the Third Degree cannot be determined by way of summary judgment.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1. Defendants' motion for summary judgment, docket no. 36, is GRANTED in part, DENIED in part with prejudice, and DENIED in part without prejudice;

2. Plaintiff's excessive force and outrage claims against Officer Shandy Cobane are DISMISSED with prejudice;

3. Plaintiff's claims of negligence and violation of the Washington State Constitution (second and fifth claims) are DISMISSED with prejudice;

4. With regard to plaintiff's excessive force and outrage claims against City of Seattle, defendants' motion for summary judgment is DENIED without prejudice;

5. Plaintiff may file an amended complaint within thirty-five (35) days of the date of this Order; if plaintiff fails to timely file an amended complaint, the Court will dismiss the excessive force and outrage claims against City of Seattle with prejudice;

ORDER - 14

6. As to plaintiff's unlawful seizure claim under federal law and his state law claims of false arrest, false imprisonment, and malicious prosecution, defendants' motion for summary judgment is DENIED;

7. The oral argument scheduled for July 10, 2013, as well as the trial date and related deadlines, are STRICKEN;

8. The parties are DIRECTED to file a Joint Status Report, by August 30, 2013, indicating what, if any, additional discovery needs to be conducted, whether the parties anticipate filing any further dispositive motions, and when the parties will be prepared for trial; and

9. The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

Dated this 28th day of June, 2013.

*Thomas S. Zilly*

THOMAS S. ZILLY
United States District Judge

ORDER - 15