UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID RENGO,<br><br>              Plaintiff,<br><br>   v.<br><br>SHANDY COBANE, et al.,<br><br>             Defendants. | C12-298 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, docket no. 70. Having considered the motion and all pleadings filed in support of and opposition to the motion, the Court enters the following Order.

**Background**

The factual background of this case is set forth in the Court's Order, docket no. 66. Briefly stated for purposes of the pending motion, in February, 2012, Plaintiff filed a complaint accusing Officer Shandy Cobane of choking Plaintiff during the course of Plaintiff's arrest. See Complaint, docket no. 2-1. On May 2, 2013, Plaintiff received through a public records request a video showing part of Plaintiff's arrest. Connick Decl., docket no. 77-2 at ¶ 3; Rengo Decl., docket no. 77-1 at ¶ 6. Upon viewing this video Plaintiff realized he had mistakenly identified Officer Cobane and Plaintiff now alleges that Officer Camilo DePina was the officer who choked Plaintiff. Rengo Decl. at ¶ 6.

ORDER - 1

Plaintiff filed an amended complaint on August 1, 2013.  Amended Complaint, docket no. 69.  The Amended Complaint names as defendants Officer DePina, Police Chief John Diaz, the Seattle Police Department, and the City of Seattle.  Id.  Officer Cobane is no longer named as a defendant in the Amended Complaint and according to the Court's docket Plaintiff's counsel terminated Officer Cobane as a party at the time of filing the Amended Complaint.

In the Amended Complaint Plaintiff alleges that Officer DePina choked and physically abused Plaintiff while Plaintiff was handcuffed.  Amended Complaint, ¶¶ 3.2 – 3.3.  Plaintiff also claims that Officer DePina did not file an "Excessive Use of Force Report" for choking.  Id. ¶ 3.6.  Plaintiff asserts three causes of action against Defendants: (1) violation of 42 U.S.C. § 1983; (2) outrage; and (3) false arrest, false imprisonment, and malicious prosecution.

**Discussion**

    **A.**    **Standard of Review**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Dismissal is proper under Rule 12(b)(6) "if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims."  Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d 1154, 1156 (9th Cir. 2005).  In reviewing the adequacy of the complaint, the Court must accept all well-pleaded allegations as true, South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 782 (9th Cir. 2008), and draw all reasonable inferences

in favor of the plaintiff.  Twombly, 550 U.S. at 555.  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).

### B. Claims Against Officer DePina

#### 1. Statute of Limitations

Defendants' argue that Plaintiff's claims against Officer DePina – other than the malicious prosecution claim – are barred by the statute of limitations.[1]  Plaintiff does not dispute that the Amended Complaint was filed after the statute of limitations had expired, but argues that relation back and equitable tolling apply.  See Plaintiff's Response, docket no. 77, at 19 – 23.

##### a. Relation Back of Amended Complaint

Relation back of amendments is generally governed by Fed. R. Civ. P. 15(c).  The Rule provides two avenues for relation back: state law under Rule 15(c)(1)(A), or the federal rule itself under Rule 15(c)(1)(C).  Whichever rule is more liberal should be used.  See Advisory Comm. Note to 1991 Amendments to Rule 15(c)(1)(A).  The Ninth Circuit, however, has held that for § 1983 claims, "relation back provisions of state law, rather

---

[1] Plaintiff's claim under § 1983 and outrage claim are subject to a three year statute of limitations under RCW 4.16.080(2).  See Wyant v. City of Lynnwood, 621 F. Supp. 2d 1108, 1110 (W.D. Wash. 2008); Cox v. Oasis Physical Therapy, PLLC, 153 Wn. App. 176, 192, 222 P.3d 119 (2009).  The alleged misconduct occurred on April 24, 2010, Amended Complaint at ¶ 3.2, and therefore the statute of limitations for these two claims expired on April 24, 2013.  Plaintiff's claims of false imprisonment and false arrest are subject to a two year statute of limitations under RCW 4.16.100.  Manning v. Washington, 463 F. Supp. 2d 1229, 1234 (W.D. Wash. 2006).  Charges against Plaintiff were dismissed prior to his criminal trial in April 2011, Amended Complaint at ¶¶ 3.8 – 3.9, and therefore the statute of limitations for these two claims expired in April 2013.

ORDER - 3

than Rule 15(c), govern." Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).

Under Washington relation-back rules, to add or substitute a party, the plaintiff bears the burden of proving that "(1) the new party received notice of the institution of the action so that he or she will not be prejudiced in making a defense on the merits, CR 15(c); (2) the new party knew or should have known that, but for a mistake concerning identity of the proper party, the plaintiff would have brought the action against him or her, id.; and (3) the plaintiff's delay in adding the new party was not due to 'inexcusable neglect.'" Segaline v. State, Dept. of Labor and Industries, 169 Wn.2d 467, 477, 238 P.3d 1107 (2010) (quoting Stansfield v. Douglas County, 146 Wn.2d 116, 122, 43 P.3d 498 (2002)).  The federal relation-back rule has similar language to the first two elements above, but does not require a showing of no "inexcusable neglect."  See Fed. R. Civ. P. 15(c)(1)(C).

As to the first element, the issue is whether the new party, in this case Officer DePina, received notice.  Plaintiff asserts that Officer DePina "knew of the suit regarding Rengo soon after it was filed" because "Officer DePina was present with Officer Cobane on April 24, 2010," the date of Rengo's arrest, as well as another incident a week prior. Plaintiff's Response at 19.  Plaintiff does not explain how Officer DePina could have knowledge of a suit filed in February, 2012, based on his presence with Officer Cobane at two incidents in April, 2010.  There is no credible evidence indicating that Officer DePina received notice of the institution of this action.

ORDER - 4

The purpose of CR 15(c) "is to permit amendment provided the defendant is not prejudiced **and has notice**." Beal v. City of Seattle, 134 Wn.2d 769, 782, 954 P.2d 237 (1998) (emphasis added).  While the Court understands that Plaintiff failed to name Officer DePina in the initial filing through no fault of his own, the notice requirement of CR 15(c) is unequivocal.  Plaintiff has failed to meet his burden on the notice element and his amended complaint cannot relate back under CR 15(c).

### b. Equitable Tolling

For a § 1983 claim, the Court will apply "state law regarding tolling, including equitable tolling." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Under Washington law, a "court may toll the statute of limitations when justice requires such tolling but it must use the doctrine sparingly." Nickum v. City of Bainbridge Island, 153 Wn. App. 366, 378, 223 P.3d 1172, 1178 (2009).  "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791, 797 (1998).

Plaintiff argues that "there is bad faith and deception by Defendants throughout the arrest, detention and prosecution of [Plaintiff]." Plaintiff's Response at 22.  The Court previously rejected Plaintiff's contention that Defendants deliberately and intentionally concealed the video showing Officer DePina. See Order at 3.  Because Plaintiff unequivocally identified Officer Cobane as the alleged wrongdoer, Defendants "were not on notice that another officer might be involved." Id.  Plaintiff has failed to put forth any evidence of Defendants' bad faith or deception that would compel the Court to apply the doctrine of equitable tolling.

ORDER - 5

### 2. Claims Against Officer DePina for Malicious Prosecution

Malicious prosecution requires proof of the following elements: (i) a defendant instituted or continued the prosecution alleged to be malicious; (ii) no probable cause existed for the institution or continuation of the prosecution; (iii) the defendant acted with malice; (iv) the proceedings terminated on the merits in favor of the plaintiff; and (v) the plaintiff suffered injury or damage as a result of the prosecution. Bender v. City of Seattle, 99 Wn.2d 582, 593, 664 P.2d 492 (1983).

Plaintiff has failed to allege facts supporting a claim that Officer DePina instituted or continued the prosecution against him. Plaintiff's Amended Complaint alleges that Officer **Cobane** "forwarded the paperwork to the prosecutor knowing it was false." Amended Complaint at ¶ 3.6. As to Officer DePina, the Amended Complaint alleges only that Officer DePina choked Plaintiff while Plaintiff was handcuffed. Plaintiff does not allege in the Amended Complaint that Officer DePina played any role whatsoever in the prosecution, and the fact that Officer DePina was not identified as involved in the incident in any way until May 2, 2013, suggests that Officer DePina may not have been involved in the prosecution against Plaintiff. However it is possible that Plaintiff could allege additional facts and state a claim for malicious prosecution against Officer DePina, so this claim will be DISMISSED without prejudice.

### 3. Conclusion as to Officer DePina

Plaintiff admittedly filed his Amended Complaint after the expiration of the statute of limitations for his claims against Officer DePina under § 1983 as well as his claims of outrage, false arrest, and false imprisonment. The Court holds that Plaintiff has failed to

ORDER - 6

1  meet his burden of proving that Officer DePina received notice of the institution of the
2  action and therefore the amended complaint does not relate back to the original
3  complaint.  The Court also holds that equitable tolling does not apply to this case.  These
4  claims are therefore DISMISSED with prejudice as time barred.  Plaintiff has failed to
5  state a claim against Officer DePina for malicious prosecution and that claim is therefore
6  DISMISSED without prejudice.

7          C.      **Claims Against Chief Diaz**

8          Defendants argue that Plaintiff has failed to state a claim against Police Chief John
9  Diaz and that any possible claims against Chief Diaz must be dismissed as time barred.
10 Chief Diaz was previously named as a defendant in the original complaint filed on
11 February 9, 2012, but was dismissed without prejudice on May 21, 2012, pursuant to the
12 parties' stipulation.  Stipulation and Order, docket no. 12.  Plaintiff named Chief Diaz as
13 a defendant in the Amended Complaint, but Plaintiff failed to allege any facts in the
14 Amended Complaint regarding Chief Diaz.  See Amended Complaint.  In his response,
15 Plaintiff asserts that Chief Diaz is a properly named party and argues that "an official
16 who has failed to prevent a constitutional violation, by inadequately training, supervising
17 or investigating his subordinates, may be liable under § 1983."  Plaintiff's Response,
18 docket no. 77, at 16.  Plaintiff claims that Chief Diaz "knew of the excessive force
19 complaints and even made community outreach efforts" but does not provide any facts
20 regarding Chief Diaz's handling of his specific incident.  Id. at 14.  Plaintiff alleges only
21 that a first line supervisor was aware of the choking and that "it goes up the entire chain
22
23

ORDER - 7

of command." Id. at 16 – 17.  Other than these general and conclusory statements, Plaintiff has failed to allege any facts that would establish liability against Chief Diaz.

"A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).  Plaintiff has alleged no personal involvement of Chief Diaz in the incident and no connection between any action or inaction of Chief Diaz and the infliction of the alleged constitutional harm.  Therefore Plaintiff has failed to state a claim against Chief Diaz.

In addition, Plaintiff has offered no excuse for his delay in filing claims against Chief Diaz.  Plaintiff voluntarily dismissed Chief Diaz from the case and consciously chose not to bring claims against Chief Diaz until filing the Amended Complaint.  Plaintiff's delay in filing claims against Chief Diaz is due to Plaintiff's inexcusable neglect and the claims are thus untimely.  Plaintiff's claims against Chief Diaz are DISMISSED with prejudice.

**D.     Claims Against Seattle Police Department**

Defendants assert that the Seattle Police Department is not a legal entity with the capacity to be sued and therefore any claims against the department must be dismissed. Plaintiff did not respond to this portion of the motion.  Whether a police department has capacity to be sued is determined by state law.  Fed. R. Civ. P. 17(b)(3).  Washington courts agree that city or county departments are not legal entities subject to suit.  See Nolan v. Snohomish County, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("in a legal

action involving a county, the county itself is the only legal entity capable of suing and being sued"); City of Seattle v. Dutton, 147 Wash. 224, 226, 265 P. 729 (1928) (City of Seattle parks department "is not an entity separate and apart from the city."); see also Lee v. City of SeaTac Police Dept., 2013 WL 4039384 (W.D. Wash. 2013) ("the SeaTac Police Department lacks capacity to be sued under Washington law").  Because the Seattle Police Department lacks capacity to be sued under Washington law, all claims against the Seattle Police Department are DISMISSED with prejudice.

### E. Claims Against City of Seattle

Plaintiff asserts claims against the City of Seattle for violations of § 1983 and outrage.  As to the § 1983 claim based on Officer DePina's alleged use of excessive force, under Monell v. New York City Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), Plaintiff may recover from the City if his injury was inflicted pursuant to the municipality's policy, practice, or custom.[2]  Id. at 694-95.  Plaintiff asserts in the Amended Complaint that the excessive force used by Officer DePina "is a settled and accepted practice of the City of Seattle," and that according to a Department of Justice report, the Seattle Police Department "engages in a pattern of using unnecessary or excessive force."  Amended Complaint at ¶ 3.15.  These allegations are sufficient to state a claim for municipal liability under Monell.

---

[2] Plaintiff may also recover under Monell by proving "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."  Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  Plaintiff has failed to allege any facts supporting a claim that Officer DePina's alleged unconstitutional action was ratified by any official with final policy-making authority.

ORDER - 9

1  Defendants assert that Plaintiff's failure to timely plead a claim against Officer
2  DePina or Chief Diaz necessarily means that any claim against the City also fails.
3  Defendants' Motion, docket no. 70, at 16.  Defendants cite Johnson v. City of Seattle for
4  the proposition that a municipality is only liable if there is an underlying constitutional
5  tort.  See Johnson v. City of Seattle, 474 F.3d 634, 639 (9th Cir. 2007).  However in
6  Johnson, the court held that plaintiffs had failed to demonstrate any violation of their
7  constitutional rights and thus could not hold the municipality liable.  Id.  That situation is
8  quite different from the current case, where the alleged underlying constitutional tort is
9  time-barred.  Courts have held that a municipality may be held liable if the individual
10 officer is exonerated on the basis of qualified immunity, if liability cannot be ascribed to
11 a single officer, or if individual officers are exonerated but the municipality itself caused
12 a constitutional injury.  See Gibson v. County of Washoe, 290 F.3d 1175, 1186 n.7 (9th
13 Cir. 2002).  Defendants have offered no support for the proposition that a municipality
14 cannot be held liable if a claim against the individual officer is time-barred.

15  As to the claim for outrage against the City of Seattle, the Amended Complaint
16 does not clearly set out what actions by the City Plaintiff asserts are extreme and
17 outrageous.  Plaintiff does allege a City pattern or practice of using excessive force, and
18 may be relying on this as outrageous action by the City of Seattle.  This allegation states a
19 plausible claim to relief and the Court will allow the claim to move forward at this time.
20 Therefore the Defendants' motion to dismiss will be DENIED as to Plaintiff's claims
21 against the City.

### F. Leave to Amend

Plaintiff requests an opportunity to further amend the complaint to correct any deficiencies the Court finds in the Amended Complaint. Plaintiff's Response at 23. The deficiencies in the Amended Complaint as to Chief Diaz and the Seattle Police Department cannot be cured by amendment. Plaintiff has offered no excuse for his delay in filing claims against Chief Diaz and therefore such claims are time-barred, and the Seattle Police Department has no capacity to be sued. As to Officer DePina, Plaintiff has set forth no facts which would support a malicious prosecution claim but is granted leave to amend to allege additional facts supporting such a claim if he so chooses. All other claims against Officer DePina are barred by the statute of limitations and therefore leave to amend would be futile.

Plaintiff also offers two new theories of liability in his response to the pending motion. Plaintiff argues that liability under § 1983 exists against Officer DePina and other unnamed officers for failing to intervene. Plaintiff's Response at 7. Even if Plaintiff could allege facts supporting a failure to intervene theory, a § 1983 claim against Officer DePina or any other unnamed officer would be barred by the statute of limitations, as discussed above. Therefore leave to amend to set forth a claim under a theory of failure to intervene would be futile.

Plaintiff also argues for the first time that the City can be held liable under § 1983 for failure to train or supervise employees. Plaintiff's Response at 15. Plaintiff has not pleaded such a claim, does not argue that he should be allowed to amend his complaint to add this theory of liability, and does not set forth what facts he would allege in support of

ORDER - 11

such a claim.  If Plaintiff wishes to further amend his complaint to add the new theory, Plaintiff must properly file a motion to amend the complaint providing the Court with legal support for doing so.

**Conclusion**

Defendants' Motion to Dismiss, docket no. 70, is GRANTED in part as follows: (1) Plaintiff's claims against Officer DePina for violation of § 1983, outrage, false arrest, and false imprisonment are DISMISSED with prejudice as time-barred; (2) Plaintiff's claim of malicious prosecution against Officer DePina is DISMISSED without prejudice; (3) Plaintiff's claims against Chief Diaz are DISMISSED with prejudice as time-barred and for failure to state a claim; and (4) Plaintiff's claims against the Seattle Police Department are DISMISSED with prejudice.  The motion to dismiss is DENIED as to Plaintiff's claims against the City of Seattle.

IT IS SO ORDERED.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

Dated this 4th day of November, 2013.

THOMAS S. ZILLY
United States District Judge