# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DAVID RENGO,

    Plaintiff,

v.

SHANDY COBANE, et al.,

    Defendants.

C12-298 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint, docket no. 90. Having considered the motion and all pleadings filed in support of and opposition thereto,[1] the Court enters the following Order.

**Discussion**

The parties are familiar with the facts of the case, which are set forth in the Court's prior orders. See docket nos. 66 and 83. Plaintiff now seeks to amend his complaint to add additional facts supporting a claim for malicious prosecution against Officer Camilo DePina and Officer Shandy Cobane, add new John Doe Officer defendants, and add a new theory of liability against the City of Seattle for failure to train or supervise employees. Proposed Second Amended Complaint ("SAC"), docket no. 91.

---

[1] Plaintiff's Motion to File Over-Length Reply, docket no. 97, is GRANTED.

ORDER - 1

## A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 15, the Court should grant leave to amend a complaint "when justice so requires." Fed. R. Civ. Proc. 15(a). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the leave should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989)

## B. Officer DePina

The Court previously dismissed without prejudice Plaintiff's claim of malicious prosecution against Officer DePina for failing to allege facts supporting such a claim. Docket no. 83. In the SAC, the facts alleged against Officer DePina are: (1) Officer DePina choked Plaintiff, SAC ¶ 3.3; (2) Officer DePina failed to file a "Use of Force Report" for choking Plaintiff, SAC ¶ 3.7; (3) Officer DePina failed to make any report or statement of his contact with Plaintiff, SAC ¶ 3.8; and (4) Officer DePina otherwise acted in concert with other officers to hide his contact with Plaintiff on the date in question, SAC ¶ 6.5.

To the extent Plaintiff is attempting to assert a § 1983 action for malicious prosecution, see SAC ¶ 6.3-6.4, the Court has dismissed with prejudice any § 1983 claims against Officer DePina as time-barred, see docket no. 83. To the extent Plaintiff is

ORDER - 2

attempting to assert a state law malicious prosecution claim, he has failed to state a claim. One element of malicious prosecution is that the Defendant instituted or continued the prosecution alleged to be malicious. Bender v. City of Seattle, 99 Wn.2d 582, 593, 664 P.2d 492 (1983). The conduct Plaintiff complains of relates to Officer DePina's contact with Plaintiff after Plaintiff's arrest and Officer DePina's subsequent handling of the incident. Plaintiff alleges no facts supporting an inference that Officer DePina played any role whatsoever in the prosecution against Plaintiff.

The SAC fails to state a claim and is subject to dismissal. Furthermore, Plaintiff has failed to cure the deficiencies present in his previous complaint despite the opportunity to allege additional facts supporting the claim. Therefore, leave to amend need not be given and the Court DENIES Plaintiff's motion to amend the complaint to add a malicious prosecution claim against Officer DePina.

**C. Officer Cobane**

Plaintiff filed an Amended Complaint in August, 2013, and chose not to pursue his previously asserted claims against Officer Cobane. Docket no. 83 at 2. Plaintiff now attempts to re-allege claims against Officer Cobane for malicious prosecution and outrage. All of the facts upon which Plaintiff relies were known to Plaintiff no later than May 2, 2013, and Plaintiff voluntarily elected not to pursue claims against Officer Cobane in the Amended Complaint.

Plaintiff offers no justification for his decision to dismiss Officer Cobane and then add him again four months later. Leave to amend may be denied where amendment is due to Plaintiff's undue delay. Furthermore, Officer Cobane would be prejudiced if

ORDER - 3

Plaintiff is allowed to bring him back into the litigation after voluntarily dismissing him. With regard to Officer Cobane, Plaintiff has unduly delayed his attempt to re-assert these claims and Officer Cobane would be prejudiced if the amendment is allowed. Therefore Plaintiff's motion to amend is DENIED.

### D. John Doe Officers

Plaintiff offers no justification for his belated attempt to add new John Doe Officers as Defendants in the SAC. Plaintiff could have attempted to add such defendants when filing his original complaint in 2012 or his amended complaint in August, 2013. Furthermore, to the extent Plaintiff attempts to assert claims against the Doe Officers under § 1983, the Court has already held that the statute of limitations has run and therefore any such claims would be time-barred. Where the attempt to amend to add new defendants is due to Plaintiff's undue delay, leave to amend need not be given. In addition, leave to amend may also be denied where leave to amend would be futile, such as when a claim is time-barred. Both factors weigh against allowing Plaintiff to amend his complaint. Plaintiff's motion to amend to add new John Doe Officers is DENIED.

### E. City of Seattle

With regard to the City of Seattle, the Court noted in its prior order that Plaintiff had argued for the first time a claim of failure to train or supervise as a basis for § 1983 liability against the City. Docket no. 83 at 11. The Court indicated that if Plaintiff wished to amend his complaint to add such a theory, Plaintiff must file a motion

providing the Court with legal support for doing so.  Id. at 12.  Plaintiff's motion provides no legal support for adding a new theory of liability at this time.

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (citation omitted).  Plaintiff offers no new facts or any justification for why he could not have brought his failure to train or supervise theory in his original or amended complaint.  Plaintiff cites a 2011 Department of Justice (DOJ) report to support this theory in the SAC.  However, the DOJ report was also cited in Plaintiff's amended complaint and is not new.  See Amended Complaint, docket no. 69.  Plaintiff offers no reason why this theory could not have been brought when he filed his original complaint almost two years ago, or when he filed his amended complaint.

Furthermore, the City would be prejudiced if Plaintiff is permitted to amend his complaint to add new theories of liability.  A theory of failure to train or supervise will require consideration of different facts than the previously alleged theory of pattern or practice of excessive force.  Having defended itself for almost two years on a particular theory of liability, the City would be forced to engage in additional discovery and research if required to defend itself on an entirely new theory at this time.

Plaintiff has unduly delayed in waiting almost two years to attempt to add new theories of liability against the City, and the City would be prejudiced if forced to defend itself against new theories at this point.  Plaintiff's motion to amend with regard to the City is DENIED with prejudice.

ORDER - 5

### F. Motion to Strike

Defendants filed a motion to strike certain statements in Plaintiff's reply brief regarding whether Defendants identified the officers depicted in Officer DePina's dash cam video. Defendants' Surreply, docket no. 96. Defendants' motion is GRANTED. The Court STRIKES the following: (1) Plaintiff's Reply, docket no. 95, page 6 lines 1-2 and 12-13, and (2) Declaration of Jill Sullivan, docket no. 95-1, page 2 line 2.

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend, docket no. 90, is DENIED without further leave to amend. This case will be limited to Plaintiff's properly pleaded claims against the City of Seattle for outrage and § 1983 municipal liability based upon a pattern or practice of excessive force.

IT IS SO ORDERED.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

Dated this 30th day of January, 2014.

THOMAS S. ZILLY
United States District Judge