UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID RENGO,

                    Plaintiff,

          v.                                    C12-298 TSZ

CITY OF SEATTLE,                                ORDER

                    Defendant.

THIS MATTER comes before the Court on Defendant's motion for summary judgment, docket no. 103.  Having considered the motion, and all materials filed in support of and opposition thereto, the Court enters the following Order.

**<u>Background</u>**

The Court and the parties are familiar with the facts of this case, which are set forth in the Court's prior Orders.  <u>See</u> docket nos. 66 and 83.  Defendant City of Seattle ("the City") moves for summary judgment on Plaintiff's two remaining claims, (1) 42 U.S.C. § 1983 municipal liability based upon a pattern or practice of excessive force and (2) outrage.

Plaintiff filed a complaint in February, 2012, accusing Officer Shandy Cobane of choking Plaintiff during the course of Plaintiff's arrest.  Complaint, docket no. 2-1.  In June, 2013, after it became apparent that Plaintiff had named Officer Cobane in error and

ORDER - 1

1    it was actually a different officer involved, Officer DePina, the Court granted in part and

2    denied in part the City's first motion for summary judgment.  Order on Motion for

3    Summary Judgment, docket no. 66.  With regard to the two claims at issue, the Court

4    denied the motion for summary judgment without prejudice and stated that "if plaintiff

5    timely files an amended complaint, City of Seattle may renew its motion for summary

6    judgment at an appropriate time."  Id. at 5.

7        Plaintiff filed an amended complaint on August 1, 2013.  Amended Complaint,

8    docket no. 69.  In November, 2013, the Court granted in part and denied in part the City's

9    motion to dismiss, dismissing all claims except Plaintiff's claims under section 1983 and

10   outrage.  Order on Motion to Dismiss, docket no. 83.

11   **Discussion**

12       **A.  Standard of Review**

13       Summary judgment is appropriate when there is no genuine dispute as to material

14   facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

15   56(a).  The moving party bears the initial burden of demonstrating the absence of a

16   genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A

17   fact is material if it may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc.,

18   477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party

19   must present "affirmative evidence," which "is to be believed" and from which all

20   "justifiable inferences" are to be favorably drawn.  Id. at 255, 257.  When the record,

21   taken as a whole, could not lead a rational trier of fact to find for the non-moving party,

22

23

ORDER - 2

1   summary judgment is warranted.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475

2   U.S. 574, 587 (1986).

3      **B.  Procedural Opposition**

4      Plaintiff offers no substantive response to the City's motion for summary

5   judgment, opposing the motion only on procedural grounds.  Plaintiff argues that the

6   pending motion is untimely, improperly noted, and violates the law of the case doctrine.

7   Plaintiff's Response, docket no. 105.  Plaintiff's arguments have no merit.

8      Pursuant to Federal Rule of Civil Procedure 56(b), a motion for summary

9   judgment may be filed at any time until 30 days after the close of all discovery, unless a

10  different time is set by local rule or the Court orders otherwise.  Fed. R. Civ. P. 56(b).  In

11  this case, the Court entered a scheduling order on December 9, 2013, setting a dispositive

12  motions deadline of May 20, 2014.  Docket no. 89.  The City's motion was timely filed

13  on May 20, 2014.

14     Plaintiff next cites CR 56(c), a Washington state court rule, arguing that the City

15  failed to properly note the motion.  Pursuant to the Court's scheduling order and Local

16  Civil Rule 7(d), the City's motion was properly noted for June 13, 2014, the fourth Friday

17  after filing and service of the motion.

18     Plaintiff argues that the City is improperly seeking reconsideration of the Court's

19  prior ruling on earlier motions and is repeating the same arguments made in earlier

20  motions.  With regard to the claims still at issue, the City's first motion for summary

21  judgment was denied without prejudice, and the Court expressly provided that the City

22  could renew its motion for summary judgment at an appropriate time.  The Court's ruling

23

ORDER - 3

on the City's motion to dismiss also does not preclude filing the current motion, as the legal standard for a motion to dismiss is different from a motion for summary judgment. The City's pending motion for summary judgment is timely and properly filed.[1]

**C. Merits of Plaintiff's Claims**

**1. Section 1983**

With regard to Plaintiff's section 1983 claim based on Officer DePina's alleged use of excessive force, under Monell v. New York City Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), Plaintiff may recover from the City if his injury was inflicted pursuant to the municipality's policy, practice, or custom. Id. at 694-95. Plaintiff must show that the policy or custom was the "moving force" behind the constitutional violation. Id. "It is not enough to point to a policy and posit a connection between it and a constitutional violation. To do so would render Monell a 'dead letter.'" Caylor v. City of Seattle, C11-1217-RAJ, 2013 U.S. Dist. LEXIS 62486 at *50 (W.D. Wash. Apr. 30, 2013) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985)).

Here, Plaintiff alleges that Officer DePina used excessive force by choking Plaintiff and that the use of excessive force is a settled and accepted practice of the City. Amended Complaint at ¶ 3.15. Plaintiff cites a 2011 Department of Justice ("DOJ") report, which concluded that the Seattle Police Department "engages in a pattern of using unnecessary or excessive force." Id. However, Plaintiff provides no evidence that Officer DePina's alleged unlawful use of force occurred or was caused by the pattern

---

[1] Plaintiff's request for sanctions under Fed. R. Civ. P. 11 is DENIED.

ORDER - 4

identified in the DOJ report.  This Court recently held that merely referencing the DOJ report is insufficient to establish municipal liability.  Lawson v. City of Seattle, Case No. 12-1994-MAT (W.D. Wash. Apr. 21, 2014) ("Plaintiffs here, in light of the mere existence of the DOJ report and its findings and through the generalized and conclusory opinions in their expert report, fail to demonstrate the requisite causation between a municipal policy and the conduct at issue in this case.").  Similarly here, Plaintiff has presented no evidence to establish a causal link between any City policy or custom and the alleged injury, and his section 1983 claim must fail as a matter of law.

### 2.  Outrage

Plaintiff alleges that the actions of the City were extreme, outrageous and beyond all bounds of decency.  Amended Complaint at ¶ 6.1.  However, it is unclear precisely what actions are at issue.  The complaint contains a litany of allegations against a number of individuals, but Plaintiff has failed to make clear which actions Plaintiff is attempting to hold the City responsible for in his claim of outrage.  The Court previously pointed out the lack of clarity regarding Plaintiff's claim, and stated that Plaintiff may be relying on the City's pattern or practice of excessive force as the outrageous action by the City.  Docket no. 83 at 10.  Plaintiff fails to offer any additional guidance regarding the basis for his claim, so the Court is forced to assume that its previous conclusion was correct.

To prevail on his claim for outrage, Plaintiff must prove "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress."  Kloepfel v. Bokor, 149 Wn.2d 192, 195 (2003).  Plaintiff's outrage claim suffers from the same deficiency identified in

his section 1983 claim.  Plaintiff has failed to offer any evidence establishing a causal link between any City policy or custom and any alleged injury to Plaintiff and therefore he has failed to prove that he personally was the subject of outrageous conduct by the City.  Plaintiff's outrage claim fails as a matter of law.

**Conclusion**

For the foregoing reasons, the Court GRANTS the City's motion for summary judgment, docket no. 103, and DISMISSES the case with prejudice.

IT IS SO ORDERED.

Dated this 21st day of July, 2014.

THOMAS S. ZILLY
United States District Judge

ORDER - 6